# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEE A. LOGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-19-0665-HE |
| | ) | |
| DARLEY LAW FIRM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Lee A. Loggins, proceeding *pro se*, brought this action under 42 U.S.C. §1983, alleging his private attorneys violated his constitutional rights when they failed to actively engage in his state foreclosure case. On July 24, 2019, U.S. Magistrate Judge Bernard M. Jones issued a Report and Recommendation recommending that the court dismiss plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Plaintiff was advised of his right to object to the Report and Recommendation by August 14, 2019. Plaintiff has filed a reply, which includes a request for appointment of counsel.

To establish subject matter jurisdiction for an action brought under section 1983, the plaintiff must show that the defendants acted under color of state law. See Polk Cty. v. Dodson, 454 U.S. 312, 315 (1981). "Private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." Anderson v. Kitchen, 389 F. App'x 838, 841 (10th Cir. 2010) (internal quotations and citation omitted). Accordingly, this court does not have subject matter jurisdiction over this case.

The court therefore **ADOPTS** the Report and Recommendation [Doc. #5], **DENIES** plaintiff's request for counsel [Doc. #7], and **DISMISSES** this case without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2019.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE